# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

### CIVIL NO.  5:04CV167

| | | |
|---|---|---|
| **ERIC LAWRENCE CALL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **MARVIN POLK, Warden, Central** | ) | |
| **Prison, Raleigh, North Carolina,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**THIS MATTER** is before the Court on the Petitioner's motions to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and to withhold ruling on that motion pending a decision by the United States Supreme Court. Both motions are denied.

On September 22, 2006, the undersigned denied the Petitioner's motion for a writ of habeas corpus.  On October 6, 2006, he timely filed a motion to alter or amend judgment  pursuant to Rule 59(e).  However, on November 2, 2006, the Petitioner moved that a ruling on that motion be held in abeyance pending the disposition of the case of *Bockting v. Bayer*, 399 F.3d 1010 (9th Cir. 2005), *cert. granted sub nom. Whorton v. Bockting*,

126 S. Ct. 2017 (2006), which was argued before the United States Supreme Court on November 1, 2006.

At issue is the Petitioner's claim that *Crawford v. Washington*, 541 U.S. 36 (2004), should be applied retroactively to his case. The undersigned ruled that *Crawford* has not been held to apply retroactively to cases on collateral review.[1] The Petitioner claims that *Whorton* will decide the issue of whether *Crawford* does, in fact, so apply.

In the *Whorton* case, the only witness to the crime was the defendant's six-year old stepdaughter who accused him of sexual abuse. She gave an interview to a detective and testified during a preliminary examination but did not testify at trial. The Ninth Circuit held that "[a]dmisssion of the interview evidence without cross-examination [during trial] violated Bockting's constitutional right 'to be confronted with the witnesses against him.'" ***Bockting*, 399 F.3d at 1012 (quoting U.S. Cont. amend. VI).** The issue was whether this constitutional right, should be applied retroactively to Bockting's state habeas petition. The Ninth Circuit, finding that *Crawford* should be applied retroactively, so held.

---

[1]The undersigned also found that no confrontation clause violation had occurred, thus, rendering *Crawford* inapplicable to this case.

The Supreme Court granted *certiorari* in Bockting and oral argument was held on November 1, 2006. The Petitioner asks that this Court hold any decision on his Rule 59 motion in abeyance pending the Supreme Court's decision.

The majority of circuits ruling on the retroactivity of *Crawford* have held that it is not retroactive. **Lave v. Dretke, 444 F.3d 333, 335 (5th Cir.), petition for cert. filed, 74 U.S.L.W. _____ (U.S. June 13, 2006) (No. 05-11552); Espy v. Massac, 443 F.3d 1362 (11th Cir. 2006); Murillo v. Frank, 402 F.3d 786 (7th Cir. 2005); Dorchy v. Jones, 398 F.3d 783 (6th Cir. 2005); Mungo v. Duncan, 393 F.3d 327 (2d Cir. 2004), cert. denied, 544 U.S. 1002 (2005); Brown v. Uphoff, 381 F.3d 1219 (10th Cir. 2004), cert. denied, 543 U.S. 1079 (2005); Evans v. Luebbers, 371 F.3d 438 (8th Cir. 2004), cert. denied, 543 U.S. 1067 (2005); McGonagle v. United States, 137 F. App'x 373 (1st Cir.), cert. denied, 126 S. Ct. 506 (2005).** Although the Fourth Circuit does not appear to have weighed in on this issue, a companion court within this District has also so concluded. **Bowie v. Polk, 2006 WL 2846980 (W.D.N.C. 2006).** The undersigned will not hold this case in abeyance pending the Supreme Court's decision. As a result, the Court will address the Rule 59(e) motion.

"There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *United States ex rel. Becker v. Westinghouse Savannah River Co.,* **305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).**

> Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. . . . In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."

*Pac. Ins. Co.*, **at 403 (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) and *11 Wright et al., Federal Practice & Procedure*, § 2810.1, at 127-28 (2d ed. 1995)) (other internal citations omitted).** Finally, "mere disagreement [with the Court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, **994 F.2d 1076, 1082 (4th Cir. 1993).**

The issues raised in the motion constitute disagreement with the Court's decision.  However, one issue does bear noting.  Counsel claim that the undersigned's comments concerning the performance of the Petitioner's trial counsel amount to testimony by the Court, show that the Court relied on evidence outside of the record, and require the Court to recuse itself based on judicial bias.  The comments contained within the decision concerning the performance of trial counsel, Anthony Lynch, are based on the record of this case which show stellar representation in a difficult case.  In fact, the cross-examination of Alan Varden by Mr. Lynch is a textbook example of extracting only that information which was not damaging to the client, a far cry from the normal pitfalls of cross-examination which lead to proving the prosecutor's case.  Counsel here argued throughout most of the petition that Mr. Lynch's ineffective performance constitutes grounds for vacating the Petitioner's conviction and sentence of death.  Counsel thus invited the Court to consider Mr. Lynch's performance; indeed, the Court was required to do so.  In the process, this Court is not prohibited from making direct statements concerning the quality of that performance, despite counsel's

characterization thereof as personal opinion based on evidence outside of the record.

In considering whether Mr. Lynch's performance was effective, the undersigned acknowledged the expertise and reputation of trial counsel. Indeed, the cases cited by Petitioner's counsel here involve just such acknowledgment. They cite *Wade v. Calderon*, 29 F.3d 1312 (9th Cir. 1994), *overruled on other grounds*, *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 815 (9th Cir. 2003), for the proposition that a court's opinion as to an attorney's reputation as an outstanding lawyer is outside the record and should not be considered.[2] However, concurring in part and dissenting in part, Circuit Judge Stephen Reinhardt actually discussed the attorney's performance in other cases, stating that the attorney had a pattern of negligent representation. In other words, the court discussed the attorney's reputation for performance.

> I note that Ames's action in this case were not an aberration. In another capital trial just a few years later, Ames "spent a total of only 40 hours preparing for both the guilt and the penalty phases of the trial," his "trial file contained no notes or legal research, and his only substantive interview with the

---

[2]Counsel failed to note that their citation was not to the majority opinion but from a footnote in the dissent. Counsel also failed to note that the case has been overruled on other grounds.

defendant took place at the courthouse on the morning of the start of trial." In the state court evidentiary hearing in [that case], a prosecutor who was attempting to defend Ames's competence described him as "the type of attorney who seeks to win his cases by inspiration, not perspiration; by oration, not preparation." In a capital case, inspiration and oration are seldom enough. Moreover, in this case Ames's performance was at best totally *un*inspired. His oratory reads at times as if it were prepared in the prosecutor's office rather than by an attorney whose duty it was to seek an acquittal. Ames's failure to carry out his responsibilities in other capital cases bolsters my conclusion that he failed to do so here.

. . .

It inspires little confidence that the trial judge considered Ames to be one of the "top ten defense attorneys" in the county. It inspires even less confidence to know that Ames is one of only five defense attorneys authorized to represent capital defendants in San Bernardino county.

. . .

In California, unlike so many other states, the representation of capital defendants is frequently excellent. This is due in large part to the California Appellate Project and other organizations dedicated to ensuring, training, and providing effective counsel in death penalty cases. It is due also to dedicated counsel who are committed to preserving the constitutional principles involved in those proceedings. It is unfortunate when, in a particular case, we fall short of our goal of providing effective representation.

**Wade, 29 F.3d at 1330, n.5, 1333-34 (Reinhardt, J., concurring in part and dissenting in part) (other footnotes and citations omitted).**

The Court did not find that considering counsel's performance in other cases involved evidence outside the record. Indeed, this statement, made in the context of a dissent to the majority's opinion, was not found to be

erroneous or inappropriate in any manner. The *Wade* decision involved the consideration by the court of counsel's performance in other cases. It does not support the allegation of counsel here that the undersigned is judicially biased in favor of effective assistance because of Mr. Lynch's outstanding performance before this Court as a litigator. Instead, this case, as well as the other one cited by counsel, support judicial notice thereof. ***See, e.g., Osborn v. Shillinger*, 861 F.2d 612, 629 (10th Cir. 1988) ("Osborn's counsel was an experienced criminal attorney who had previously argued and won capital cases.").** The only difference between the cases cited by counsel and the instant one is that in this case the Court did not agree with the allegation that trial counsel was ineffective, finding instead that he was not only effective but outstanding in his representation of the Petitioner. This is not a case in which the undersigned has displayed "a deep-seated favoritism . . . that would make fair judgment impossible." ***Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Gamboa*, 439 F.3d 796, 817 (8th Cir.), *cert. denied*, ____ S. Ct. ____, 2006 WL 2952854 (2006) ("[W]here a judge's opinions are based on facts introduced or events occurring in the course of the current proceedings," opinions do not warrant recusal.**

**(quotations omitted))** . Instead, this is a case in which the Court

commented on counsel's performance in the context of evaluating whether

he provided effective assistance of counsel. ***Michael v. Crosby*, 430 F.3d**

**1310, 1320 (11th Cir. 2005),** *cert. denied,* **126 S. Ct. 2025 (2006)**

**(evidence of trial counsel's experience and reputation relevant in**

**ineffective assistance evaluation).** "There is a strong presumption that

counsel's performance was reasonable and adequate, with great

deference being shown to choices dictated by reasonable strategy. 'The

presumption of reasonableness is even stronger when we are reviewing

the performance of an experienced trial counsel.'" ***Id.* (quoting *Callahan***

***v. Campbell*, 427 F.3d 897, 933 (11th Cir. 2005)).** It would be most difficult

to provide the deference required to experienced trial counsel without

actually commenting on that experience. For example, a circuit judge from

the Seventh Circuit, dissenting in part and concurring in part, specifically

addressed this very issue:

> I write separately also because I feel it necessary to express
> my displeasure with the lack of respect displayed towards the
> defense attorney, an officer of the court, who defended Paters
> at trial and who stands accused of ineffective assistance.
> Beyond the self-serving statements of the twice-convicted
> criminal defendant Paters, as well as those statements of his
> parents, which relate in relevant part only to what their son *told*
> *them*, the record is barren of support for his claim of ineffective

assistance of counsel. . . .  Considering the dearth of evidence in the record to support Paters' claim of ineffectiveness, as well as the disastrous effects that charges of incompetence can wreak upon an attorney's professional reputation, I find this lack of diligence on the part of the Assistant United States Attorney who defended Paters' petition – supposedly an active participant in the adversarial system – to be almost an abdication of the government's obligation in the search for justice.

. . .

Charges of attorney incompetence are far from a trivial matter for legal counsel.  "Professional reputation" is an attorney's lifeblood, and the stigma of a published finding of incompetence is obviously harmful to a legal career.  It behooves all attorneys to treat with respect and care the professional reputation of every officer of the court, and not to tarnish it without just cause.

**Paters v. United States**, 159 F.3d 1043, 1051, 1057-58 (7th Cir. 1998) (Coffey, J., dissenting and concurring); **United States v. Sypolt**, 346 F.3d 838, 839-40 (8th Cir. 2003), **cert. denied**, 540 U.S. 1209 (2004) ("[T]he district judge twice stated in open court that '[e]ven as great a lawyer as [Mr. Sypolt's attorney] is, she can't get this guy off.'  As a matter of decorum, we make the respectful suggestion that trial judges ought not to declare a defendant's case hopeless from the bench.  But in the case, the judge made the relevant comments out of the presence of the jury; furthermore, when his remarks are viewed in context, it is clear that he was simply trying to goad the prosecution

**into expediting its case. Thus, the judge's comments seem to fit squarely into the category of stern though perhaps short-tempered efforts at courtroom administration, which the Supreme Court has explicitly stated do not require recusal under § 455.").**

Nonetheless, Petitioner's counsel insist that the undersigned must strike the comments from the record or provide a hearing at which testimony may be presented. The Court declines to do so.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motions to alter or amend judgment and to hold ruling thereon in abeyance are hereby **DENIED**.

Signed: November 16, 2006

Lacy H. Thornburg
United States District Judge